UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Marc Breitmaier

   v.                                             Civil No. 17-cv-706-LM
                                                   Opinion No. 2018 DNH 257

Nancy A. Berryhill, Acting
Commissioner of Social Security


**O R D E R**

Marc Breitmaier seeks judicial review of the decision of the Acting Commissioner of the Social Security Administration, denying in part his application for disability insurance benefits and supplemental social security income. Breitmaier moves to reverse the Acting Commissioner's decision, and the Acting Commissioner moves to affirm. For the reasons discussed below, the court grants the Acting Commissioner's motion to affirm and denies Breitmaier's motion to reverse.

**STANDARD OF REVIEW**

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the [Administrative Law Judge] deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by

substantial evidence. 42 U.S.C. § 405(g); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4).[1] The claimant "has the burden of production and proof at the first four steps of the process." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). The first three steps are (1) determining whether the claimant is engaged in substantial gainful activity; (2) determining whether she has a severe impairment; and (3) determining whether the impairment meets or equals a listed impairment. 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii).

At the fourth step of the sequential analysis, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a determination of the most a person can do in a work setting despite her limitations caused by impairments, id.

---

[1] Because the pertinent regulations governing disability insurance benefits at 20 C.F.R. Part 404 are the same as the pertinent regulations governing supplemental security income at 20 C.F.R. Part 416, the court will cite only Part 404 regulations. See Reagan v. Sec'y of Health & Human Servs., 877 F.2d 123, 124 (1st Cir. 1989).

§ 404.1545(a)(1), and his past relevant work, id. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work, the ALJ will find that the claimant is not disabled. See id. § 404.1520(a)(4)(iv). If the claimant cannot perform his past relevant work, the ALJ proceeds to Step Five, in which the ALJ has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment. See id. § 404.1520(a)(4)(v).

**BACKGROUND**

A detailed statement of the facts can be found in the parties' Joint Statement of Material Facts (doc. no. 11). The court provides a brief summary of the case here.

On December 29, 2013, Breitmaier filed an application for disability insurance benefits and, on the following day, he filed an application for supplemental social security income. In both applications, he alleged a disability onset date of October 13, 2013, when he was 39 years old. He alleged a disability due to stroke, type II diabetes, unidentified mass at the base of his skull, severe fatigue, and kidney issues.

After Breitmaier's claim was denied, he requested a hearing in front of an ALJ. On January 15, 2016, the ALJ held a hearing, during which Breitmaier testified and was represented by an attorney.

After the hearing, the ALJ sent medical interrogatories to Dr. Malini Balakrishnan, an impartial medical expert.  Dr. Balakrishnan reviewed Breitmaier's medical records, answered the ALJ's interrogatories, and completed a medical source statement of Breitmaier's ability to do work-related activities.  The ALJ sent Dr. Balakrishnan's responses to Breitmaier's counsel, proposing to enter them into the record and inviting Breitmaier's attorney to submit comments on the evidence, ask questions to Dr. Balakrishnan, and/or request a supplemental hearing.  In response, Breitmaier's counsel requested a supplemental hearing and asked that a vocational expert be present.[2]

On November 10, 2016, the ALJ held the supplemental hearing.  Breitmaier, with counsel, appeared and testified, as did a vocational expert.

I. <u>Medical Opinion Evidence</u>

Breitmaier suffered two strokes: the first in October 2013 and the second in April 2014.  The medical record contains the opinions of two of Breitmaier's treating physicians: Dr. Alexander Asch and Dr. Rohit Marawar.  It also contains the

---

[2] Breitmaier's attorney subsequently notified the ALJ that he did not believe that Dr. Balakrishnan needed to attend the supplemental hearing.  <u>See</u> Admin. Rec. at 313.

4

opinions of consultative psychiatrist Dr. Edward Drummond and the impartial medical expert, Dr. Balakrishnan.

### A. Dr. Drummond

Dr. Drummond gave Breitmaier a psychological consultative exam in August 2014. Dr. Drummond opined that Breitmaier could understand and remember simple instructions and could pay attention, concentrate, and complete simple tasks appropriately and independently on a sustained basis, though he would be unable to do so at a reasonable pace. He also opined that despite his limitation, Breitmaier could be timely at work, maintain a schedule and regular attendance, make simple decisions, and interact appropriately with others.

### B. Dr. Asch

Dr. Asch offered five separate opinions as to Breitmaier's functional limitations. These opinions were set forth in: (1) a letter dated April 17, 2014; (2) a letter dated May 22, 2014; (3) a physical impairment medical source statement dated June 25, 2014; (4) a physical impairment medical source statement dated January 4, 2016; and (5) a letter dated October 26, 2016.

In his April 17 and May 22 letters, Dr. Asch opined that Breitmaier was unable to work and that his cognitive impairment and issues with dexterity would prevent him from returning to his previous job for the next four years. In his June 2014

5

physical impairment medical source statement, Dr. Asch opined that Breitmaier could sit and stand/walk for at least six hours in a day but no more than two hours at one time, and that he could occasionally lift up to 20 pounds and rarely 50 pounds. He further opined that Breitmaier could tolerate low-stress jobs, but that his pain and other symptoms would frequently interfere with his attention and concentration, which would prevent him from performing even simple work tasks. In addition, Dr. Asch stated that Breitmaier would be unable to grasp, turn, or twist objects, perform fine manipulations, or reach with his right arm.

In his January 2016 physical impairment medical source statement, Dr. Asch opined that Breitmaier was limited to less than sedentary work and could stand or walk for fewer than two hours a day. Dr. Asch also opined that Breitmaier would be unable to lift or carry 10 pounds and could not twist, stoop, crouch, squat, climb ladders or climb stairs. He further opined that Breitmaier had severe difficulties with concentration and attendance, that he would be unable to perform any fine manipulation or grasp, turn, or twist objects with either hand, and that Breitmaier's renal failure and need for dialysis and a transplant made him unemployable.

On October 26, 2016, Dr. Asch wrote a letter stating Breitmaier had not experienced any functional improvement since

6

his assessment from June 25, 2014. Dr. Asch opined that Breitmaier was no more employable than he was at that time.

C. <u>Dr. Marawar</u>

On January 8, 2016, Dr. Marawar completed a physical impairment medical source statement. Dr Marawar opined that Breitmaier would have difficulty maintaining attention and concentration and was limited to low-stress jobs, would be limited to a maximum of two hours of sitting, standing, or walking in the workplace, and could only rarely lift or carry 10 pounds. He further opined that Breitmaier could only occasionally hold his head in a static position and perform postural activities and would need a cane to walk.

D. <u>Dr. Balakrishnan</u>

Dr. Balakrishnan opined that Breitmaier could occasionally lift and carry up to 10 pounds, but never more than 10 pounds, and that he could never climb ladders or scaffolds, balance, or crouch. She also opined that Breitmaier could stand for one hour at a time and a total of two hours in a day, would need a cane to walk and could walk for 15 minutes at a time for a total of one hour a day, and could frequently reach, handle, finger, feel, push/pull, and operate foot controls bilaterally. In addition, Dr. Balakrishnan limited Breitmaier's exposure to never being around unprotected heights or moving mechanical

7

parts; occasionally operating a vehicle and being exposed to the extreme cold, extreme heat, and vibrations; and frequently being exposed to humidity and wetness, loud noises, dust, odors, fumes, and pulmonary irritants.

II. The ALJ's Decision

On February 7, 2017, the ALJ issued a partially favorable decision. He found that Breitmaier was not eligible for disability insurance benefits or supplemental social security income prior to September 1, 2016 but was eligible for both benefits beginning on that date. The ALJ found that, prior to September 1, 2016, Breitmaier had the residual functional capacity to perform

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: the claimant is limited to standing or balancing for 2 hours total in an 8-hour workday, but no more than 1 hour at one time; the claimant can walk for a total of 1 hour in an 8-hour workday, but may only walk for 15 minutes at one time; the claimant requires a handheld assistive device for ambulation, but may carry small items, such as file folders, in a free hand; the claimant can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, or crawl; the claimant can never crouch; the claimant can frequently reach, handle, finger, feel, push, or pull with the bilateral upper extremities; the claimant can frequently operate foot controls bilaterally; no exposure to unprotected heights; no operation of dangerous machinery; only occasional operation of a motor vehicle; only occasional exposure to vibration, extreme cold, extreme heat, humidity, and wetness; the claimant's exposure to pulmonary irritants can be no more than what is found in a typical office or retail

environment; the claimant's work is limited to simple, routine tasks.

Admin. Rec. at 25. In assessing Breitmaier's RFC, the ALJ considered Breitmaier's testimony as to his activities of daily living and symptoms, as well as his medical records and the medical opinion evidence.

The ALJ addressed both of Breitmaier's treating physicians' opinions, giving them partial or limited weight.[3] He also gave Dr. Drummond's opinion partial weight. The ALJ reviewed Breitmaier's medical records and treatment notes beginning after his first stroke and continuing throughout 2016. The ALJ found that the medical records were consistent with at least part of the physicians' opinions but were otherwise inconsistent and noted the inconsistencies.

The ALJ also addressed Breitmaier's subjective complaints, finding that they were not fully supported by the record prior to September 1, 2016. In addition, the ALJ gave significant weight to the opinion of the impartial medical expert, Dr. Balakrishnan, who had access to the entirety of Breitmaier's medical records through March 2016.

Relying on the vocational expert's testimony, the ALJ found at Step Five that, prior to September 1, 2016, Breitmaier was

---

[3] Specifically, the ALJ gave Drs. Marawar's and Asch's June 2014 opinions partial weight and gave the remainder of Dr. Asch's opinions little weight.

9

capable of performing jobs that exist in the national economy and, therefore, was not disabled.  The ALJ found that beginning on September 1, 2016, however, Breitmaier had a severe impairment—chronic kidney disease—that met a listed impairment.  Therefore, the ALJ found at Step Three that, beginning on September 1, 2016, Breitmaier was disabled.

The Appeals Council denied Breitmaier's request for review, making the ALJ's decision the Acting Commissioner's final decision.  This action followed.

**DISCUSSION**

Breitmaier contends that the ALJ erred in giving little or partial weight to Drs. Drummond's, Asch's, and Marawar's opinions.  He also argues that the ALJ improperly discounted his subjective complaints.  As a result, Breitmaier contends, the record lacks substantial evidence to support the ALJ's RFC assessment.  The Acting Commissioner argues that the ALJ properly weighed and considered the opinion evidence and Breitmaier's complaints.

I. <u>Medical Opinion Evidence</u>

Medical opinions are evaluated based on the nature of the medical source's relationship with the claimant, the consistency of the opinion with the other record evidence, the medical source's specialty, and other factors that may be brought to the

ALJ's attention. § 404.1527(c).[4] A treating medical source's opinion about the claimant's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." § 404.1527(c)(2). An ALJ must give "good reasons" for the weight given to a treating source's medical opinion. Id. "Those reasons must offer a rationale that could be accepted by a reasonable mind." Dimambro v. US Soc. Sec. Admin., Acting Comm'r, No. 16-cv-486-PB, 2018 WL 301090, at *10 (D.N.H. Jan. 5, 2018). If the ALJ satisfies that standard, the court will uphold the decision to discount a treating source's opinion. Id.

Breitmaier notes that the ALJ gave Drs. Drummond's, Asch's, and Marawar's opinions only partial or limited weight because the ALJ found that they were inconsistent with evidence of functional improvement following Breitmaier's strokes. He contends that the ALJ mischaracterized medical evidence in the record to support his conclusion that Breitmaier improved following his strokes to the extent he could work. Breitmaier

---

[4] Because Breitmaier's claim was filed before March 27, 2017, the new rule for considering medical opinions does not apply. See 20 C.F.R. § 404.1520(c); Purdy v. Berryhill, 887 F.3d 7, 13 n.8 (1st Cir. 2018) (discussing § 416.920c under Title XVI).

11

argues that that medical evidence supports, rather than contradicts, his treating physicians' opinions.

After a careful review of Breitmaier's treatment notes and medical records, the court finds that the evidence in the record supports the ALJ's determination to give Drs. Drummond's, Asch's, and Marawar's opinions limited or partial weight. For example, Breitmaier points to Dr. Asch's December 2013 treatment note, which the ALJ noted referenced Breitmaier's use of a cane and some facial droop but showed few other effects from his stroke. Admin. Rec. at 26. Breitmaier criticizes the ALJ's characterization of this treatment note, pointing to his and his father's statements in the note concerning Breitmaier's limitations as recorded by Dr. Asch. Those statements, however, are subjective complaints, not objective medical findings, and the ALJ noted that by the following month, Breitmaier had been discharged from occupational therapy after just three visits due to improvement in his symptoms.

In short, Breitmaier points to various other parts of the medical record that could support his claim for disability. But the ALJ discussed Breitmaier's medical records and treatment notes spanning a several-year period, explaining why, as a whole, they did not support the more limited parts of Drs. Drummond's, Asch's, and Marawar's opinions. In addition, the ALJ gave significant weight to the opinion of Dr. Balakrishnan,

who had access to all the medical evidence through March 2016 and whose opinion supported the ALJ's RFC assessment.

Here, the ALJ gave "good reasons" which could be accepted by a reasonable mind for the weight given to Breitmaier's treating physicians' opinions.[5] See Dimambro, 2018 WL 301090, at *11-12 (finding that the ALJ gave good reasons to discount treating source's opinions when the opinions were inconsistent with treatment notes and other medical opinion evidence in the record). "While the record arguably could support a different conclusion, there is clearly substantial evidence to support the ALJ's findings." Applebee v. Berryhill, No. 18-1510, 2018 WL 6266310, at *1 (1st Cir. Nov. 30, 2018) (per curiam). For these reasons, the ALJ did not err in evaluating Drs. Drummond's, Asch's, and Marawar's opinions.

## II. Subjective Complaints

The ALJ found that Breitmaier's statements concerning his symptoms prior to September 1, 2016 were not fully supported by the record. Breitmaier contends that the ALJ erred in evaluating his subjective complaints.

---

[5] Although Breitmaier suggests in his motion that Dr. Drummond was his treating physician, that is not the case, and he was merely a consultative psychiatrist. Regardless, the ALJ appropriately explained the weight given to Dr. Drummond's opinion.

13

Social Security Ruling ("SSR") 16-3p provides guidance to ALJs when they assess claimants' "symptoms, including pain, under 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)." Coskery v. Berryhill, 892 F.3d 1, 4 (1st Cir. 2018). Under the ruling, "an ALJ determining whether an applicant has a residual functional capacity that precludes a finding of disability must evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." Id. (internal quotation marks omitted).

> Moreover, SSR 16-3p provides that, in conducting that inquiry, the ALJ must examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

Id. (internal quotation marks omitted).

Breitmaier argues in cursory fashion that the ALJ erred in evaluating his subjective complaints because the ALJ mischaracterized his medical records and treatment notes. As discussed above, the ALJ's evaluation of the medical evidence in the record was not erroneous. Therefore, Breitmaier has not shown that the ALJ erred in evaluating his subjective complaints.

For these reasons, the court denies Breitmaier's motion to reverse and grants the Acting Commissioner's motion to affirm.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion to reverse (doc. no. 8) is denied, and the Acting Commissioner's motion to affirm (doc. no. 10) is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 20, 2018

cc: Counsel of Record